IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SURAN WIJE,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | A-19-CV-00660-RP-SH |
| UNITED STATES OF AMERICA,<br>*Defendant* | §<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before this Court are Suran Wije's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) and Plaintiff's First Amended Complaint (Dkt. No. 4). On August 7, 2019, the District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

**I. GENERAL BACKGROUND**

On September 4, 2014, Plaintiff, who is male and of South Asian descent, filed a lawsuit in the Sherman Division of the Eastern District of Texas against Texas Woman's University ("TWU"), the United States Department of Education ("USDE"), and several other TWU employees complaining of sex and race discrimination he allegedly experienced while he was a student at TWU. *See Wije v. Texas Woman's University*, 4:14-CV-571-ALM (E.D. Tex. Sept. 4, 2014). Plaintiff's lawsuit arose out of his dissatisfaction with the grade of "B" he received on his final examination in "Psychology of Women," a graduate level course he took at TWU in the

spring of 2011. *See id.* at Dkt. No. 94 at p. 2. Plaintiff complains that after the examination was administered, his professor, Dr. Linda Rubin, Ph.D., changed the grading criteria to favor her preferred students based on race and sex. *Id.* Plaintiff subsequently appealed his grade through TWU's grade appeal process, but his appeal was denied. *Id.* Plaintiff further complains that TWU discriminated and retaliated against him by denying his appeal. *Id.* at p. 3. Plaintiff also complains that Dr. Rubin had a discriminatory attendance policy. Plaintiff further argues that TWU discriminated against him by denying him admission to TWU's Women's Studies graduate program, claiming that he had completed all the prerequisites for the graduate program. *Id.*

In addition to suing TWU and several TWU employees in the Eastern District, Plaintiff also sued the USDE after the USDE's Office for Civil Rights denied an administrative complaint he filed against TWU based on the above allegations. *Id.* The USDE dismissed Plaintiff's administrative complaint after finding that there was insufficient evidence to show any discrimination. *Id.*

Plaintiff's Eastern District lawsuit alleged numerous claims, including negligence, fraud, race and gender discrimination and retaliation under Title IX and Title VII of the Civil Rights Act, various constitutional claims, and claims under the False Claims Act, Administrative Procedure Act, and the Federal Tort Claims Act ("FTCA"). The District Court dismissed Plaintiff's FTCA claim against the USDE based on sovereign immunity and the fact that he had sued the wrong party. *See* Dkt. No. 94 at p. 16-17. Ultimately, the District Court dismissed all of Plaintiff's claims based on sovereign immunity, qualified immunity, standing, and failure to state a claim. *See id.* at Dkt. Nos. 99, 105, 110. Plaintiff appealed, and the Fifth Circuit affirmed the District Court's rulings. *See Wije v. Texas Woman's University*, 694 F. App'x 234 (5th Cir. July 21, 2017), *cert. denied*, 138 S. Ct. 515 (2017).

In addition to filing the Eastern District lawsuit, on July 19, 2015, Plaintiff filed another administrative claim with the USDE under the FTCA seeking money damages against the United States in the amount of $3,650,000. Dkt. No. 4 at p. 1. Plaintiff's administrative claim alleged the United States was liable under the FTCA because the USDE and Office of Inspector General (1) negligently investigated his administrative claim against TWU alleging discrimination, (2) denied him his due process rights and right to be free from abuse of process, and (3) violated his constitutional rights under the Fifth Amendment, Fourteenth Amendment, the Commerce Clause and the Takings Clause. *Id.* On December 27, 2018, the USDE denied his claim, finding that his claims were barred under the FTCA and that his allegations failed to show any violation of the statute. *Id.*

After Plaintiff received his notice from the USDE denying his claim, he filed the instant lawsuit against the United States under the FTCA. In this case, Plaintiff alleges that "the Court has jurisdiction over this lawsuit against the United States for damages and property loss due to the negligence of governmental employees during their scope of employment." Dkt. No. 4 at p. 1. Plaintiff alleges that the USDE violated its mission "to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access" by failing to properly investigate his complaints against TWU based on sex and race discrimination. *Id.* at p. 2-3. Plaintiff claims that he was not awarded a master's degree due to USDE's "deliberate indifference." *Id.* at p. 12. Plaintiff seeks more than $3 million in damages, "the forgiveness of his approximately $139,000 in student loan debt," and "the immediate enforcement of anti-discrimination and ant-retaliation laws." *Id.* at p. 11. Plaintiff seeks leave of Court to file this lawsuit without paying the filing fee in this case.

## II. MOTION FOR IN FORMA PAUPERIS

After reviewing Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs and financial affidavit in support, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in the Complaint and is recommending that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on the Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time on the Defendants.

## III. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B. Plaintiff's Complaint should be dismissed under § 1915(e)(2)

While Plaintiff has filed this case against the United States under the FTCA, 28 U.S.C. § 1346(b), Plaintiff has not asserted a proper claim under the FTCA and is merely attempting to relitigate the same discrimination and constitutional claims he raised in his Eastern District lawsuit. While Plaintiff's Complaint invokes the FTCA, the vast majority of Plaintiff's First Amended Complaint rehashes his previous complaints of race and sex discrimination against TWU. *See* Dkt. No. 4. For example, Plaintiff again complains that TWU discriminated and retaliated against him in its grading and attendance polices, and in rejecting his application for admission in the Women's Studies graduate program. *See* Dkt. No. 4 at p. 2-6. Once again, Plaintiff alleges that the USDE

5

failed to properly investigate his discrimination complaints against TWU and denied him due process. *Id.* at p. 2-3. Although the USDE was not involved with TWU's decision to reject Plaintiff's application for admission to the Women's Studies graduate program, Plaintiff attempts to hold the USDE liable for his failure to earn a graduate degree from TWU. *See id.* at p. 12.

The FTCA is a limited waiver of the federal government's sovereign immunity from tort lawsuits, allowing plaintiffs to sue the federal government "for money damages . . . [for] personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).[1] However, the Government's liability for such claims is not absolute, and the FTCA provides for certain exceptions that block the FTCA's waiver of the Government's sovereign immunity. *Campos v. United States*, 888 F.3d 724, 730 (5th Cir. 2018), *cert. denied,* 139 S. Ct. 1317 (2019). If an exception applies, a plaintiff's FTCA claim is barred, and a federal court is without subject matter jurisdiction over the claim. *Id.*

Relevant to this case, the FTCA specifically provides that it "does not extend or apply to a civil action against an employee of the Government-- (A) which is brought for a violation of the Constitution of the United States, or (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." 28 U.S.C. § 2679(b)(2); *see also FDIC v. Meyer*, 510 U.S. 471, 478 (1994) (holding that constitutional tort claims are not cognizable under the FTCA); *Coleman v. United States*, 912 F.3d 824, 824

---

[1] "The Supreme Court has consistently held that § 1346(b)'s reference to the law of the place means law of the State—the source of substantive liability under the FTCA." *Coleman v. United States*, 912 F.3d 824, 829 (5th Cir. 2019) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994)) (internal citations omitted).

(5th Cir. 2019) (noting that "it is well-established that a federal agent's failure to fulfill duties imposed upon him solely by federal statute cannot stand alone as a basis for suit under the FTCA."); *United States v. Smith*, 324 F.2d 622, 624-25 (5th Cir. 1963) (noting that the FTCA "simply cannot apply where the claimed negligence arises out of the failure of the United States to carry out a statutory duty . . . [as] [t]he nature of the claim . . . is simply not one which would be asserted against 'a private person' under the laws of the State").

Because all of Plaintiff's claims in this lawsuit are based on race and sex discrimination, retaliation, due process and various other alleged federal constitutional and statutory violations, his claims are not cognizable under the FTCA. *See Meyer,* 510 U.S. at 478 (holding that terminated plaintiff's due process claim against the Federal Savings and Loan Insurance Corporation was not cognizable under FTCA); *Mathis v. Henderson*, 243 F.3d 446, 449 (8th Cir. 2001) (holding that plaintiff's FTCA claim that supervisor discriminated against him was outside the scope of the FTCA and should have been brought under Title VII); *Moore-Bey v. Cartrette*, 2015 WL 5608194, at *6 (W.D. La. July 16, 2015) (dismissing plaintiff's constitutional claims for retaliation, discrimination and violations of due process since they were not proper under FTCA), *report and recommendation adopted*, 2015 WL 5611141 (W.D. La. Sept. 23, 2015). Because the FTCA does not waive federal sovereign immunity for constitutional torts and for the federal statutory claims asserted in this case, Plaintiff's claims are barred.

Because Plaintiff's claims are barred by sovereign immunity, the Court finds that the case should be dismissed without the opportunity to amend. *See Edmiston v. Louisiana Small Bus. Dev. Ctr.*, – F.3d – , 2019 WL 3312503, at *3 (5th Cir. July 24, 2019) (denying leave to amend where defendants were immune from suit); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) ("The trial court acts within its discretion in denying leave to

amend where the proposed amendment would be futile because it could not survive a motion to dismiss.").

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DISMISS** Suran Wije's lawsuit under 28 U.S.C. § 1915(e)(2).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 14th day of August, 2019.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE